```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**DANIEL DEVILLE,**

                          **Plaintiff,**

                                                CIVIL ACTION
        **vs.**                                          No. 08-3076-SAC

**ERIC MELGREN, et al.,**

                          **Defendants.**

<u>ORDER</u>

     This matter is before the court on a form civil complaint for filing under 42 U.S.C. § 1983 by an inmate incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Because plaintiff seeks relief on allegations that federal officials have violated his constitutional rights, the court liberally construes the complaint as filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which recognized a cause of action if a federal agent acting under color of such authority violated some cognizable constitutional right of plaintiff, rather than pursuant to 42 U.S.C. § 1983.

     Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

     Plaintiff must pay the full $350.00 filing fee in this civil action. 28 U.S.C. § 1915(b)(1). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as

authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined plaintiff's records for that relevant six month period, the court finds the average monthly deposit to plaintiff's account is $330.00 and the average monthly balance is $140.72.  The court therefore assesses an initial partial filing fee of $66.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.

Also before the court is plaintiff's motion for an immediate preliminary injunction to prevent him from being transferred from USPLVN.  The court denies this request.

To obtain a preliminary injunction, plaintiff must show: "(1) a substantial likelihood of success on the merits; (2)  irreparable harm to the movant if the injunction is denied; (3)  the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." General Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007)(quotation and citation omitted).  Because a preliminary injunction is an extraordinary remedy, *see* GTE Corp. v. Williams, 731 F.2d 676, 678 (10th Cir. 1984), the right to relief must be clear an unequivocal. *See* Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975).  Having carefully reviewed plaintiff's motion, the court finds plaintiff's speculative concerns fail to demonstrate a

likelihood of irreparable harm in the absence of the injunctive relief sought.  The court further finds the preliminary injunction being sought would unnecessarily interfere with prison management for no substantial good reason.  *See* Turner v. Safley, 382 U.S. 78, 84-85 (1987)(cautioning against judicial interference with the daily administration of prisons).

IT IS THEREFORE ORDERED that the complaint is liberally construed by the court as a Bivens complaint.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to submit an initial partial filing fee of $66.00.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in the dismissal of this action without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for an immediate prohibitory injunction (Doc. 3) is denied.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 29th day of April 2008 at Topeka, Kansas.


   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge