**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DANIEL DEVILLE,**

                              **Plaintiff,**

                                                    **CIVIL ACTION**
          **vs.**                                   **No. 08-3076-SAC**

**MIKE CROWELL, et al.,**

                              **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff proceeds pro se and in forma pauperis on a complaint, as later amended, filed while plaintiff was incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN).  In the amended pleading, which the court continues to liberally construe as filed under 28 U.S.C. § 1331 rather than 42 U.S.C. § 1983 as titled, plaintiff seeks monetary, declaratory, and injunctive relief on allegations that defendants violated his rights under the Religious Freedom Restoration Act (RFRA), the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the First Amendment by denying his request for group services to practice his religious beliefs (Creativity) at USPLVN.  Plaintiff also claims a diet consistent with his religious belief was terminated in retaliation for his administrative grievances about being denied congregate Creativity services.

The defendants named in the amended complaint, all in their individual and official capacities, are USPLVN Wardens Duke Terrell and Claude Chester, USPLVN Chaplain Mike Crowell, Bureau of Prisons

(BOP) Administrator of National Inmate Appeals Harrel Watts, and BOP Regional Director Michael Nalley.

Before the court is defendants' motion to dismiss, or in the alternative for summary judgment, to which plaintiff filed no response. Because the court considers materials beyond plaintiff's amended complaint and attachments, the defendants' motion is considered as a motion for summary judgment, Fed.R.Civ.P. 56. See Fed.R.Civ.P. 12(d)(stating that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"); *Wells v. Shalala*, 228 F.3d 1137, 1140 n. 1 (10th Cir.2000). *See also Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir.2006)(plaintiff had "explicit notice" where the motion's title referenced summary judgment in the alternative and the motion included materials outside the pleadings).

## MOTION FOR SUMMARY JUDGMENT

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute is "genuine" if the evidence permits a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are "facts that might affect the outcome of the suit under the governing law." *Id*.

In considering a motion for summary judgment, the court views the evidence and reasonable inferences drawn from the record in the

light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir.2000). A party facing a summary judgment motion may not simply rest on allegations contained in the pleadings, but must come forward with specific admissible evidence establishing each fact he relies upon to show there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Adams v. American Guarantee and Liability Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir.2000). Affidavits must be made on personal knowledge and shall set forth facts that would be admissible in evidence, and show the declarant is competent to testify on the matters stated. Fed.R.Civ.P. 56(c)(4).

The nonmoving party's admissible evidence "is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Anderson*, 477 U.S. at 255. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(internal quotation marks omitted).

Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir.2001). However, plaintiff's pro se status does not excuse

him from the burden of coming forward with some "specific factual support," other than conclusory allegations, to support his claims. *Douglass v. General Motors Corp.*, 368 F.Supp.2d 1220, 1228 (D.Kan.2005)(citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir.1988)). The court "will not supply additional factual allegations to ... construct a legal theory on a plaintiff's behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir.1997). The court cannot be a pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), and will not accept as true conclusory allegations unsupported by factual allegations. *Oxendine v. Kaplan*, 241 F.3d 1272 (10th Cir.2001).

Plaintiff filed no response to defendants' motion, thus defendants' motion is to be considered and decided as an uncontested motion. *See* Fed.R.Civ.P. 56(e)("If a party fails to ... properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it..."); D.Kan.Rule 7.4(b)(an uncontested motion ordinarily will be granted without further notice).

## BACKGROUND AND CLAIMS

Plaintiff is a federal prisoner who was incarcerated in USPLVN from October 2, 2005, through November 19, 2009. He is currently incarcerated in a federal facility in Lompoc, California.

Plaintiff asserts he is "a follower of the Creativity Prison

4

Ministries/Ecclasia Creatoris, a Church that preaches a system of belief called Creativity, the central tenent fo which is White Nationalism (the survival and advancement of the White Race).  In October 2006, plaintiff requested space and time to study and worship Creativity with others in the USPLVN chapel.  Chaplain Crowell had plaintiff fill out a BOP "New or Unfamiliar Religious Components Questionnaire" to provide information about that religion for consideration by the Religion Issues Committees (RIC) at the institutional, regional and national levels.  In November 2006, Crowell informed plaintiff that the local RIC denied plaintiff's request.  Then in January 2007, Crowell informed plaintiff that when Crowell contacted the regional RIC regarding plaintiff's request, Crowell discovered the national RIC in a previous request from another institution had previously recommended that BOP deny approval to the Church of the Creator, thus the institution's RIC decision at USPLVN to deny plaintiff's request was final.  Plaintiff thereafter pursued relief on this claim through BOP administrative remedies.

The BOP has a three-level administrative remedy process to address a federal inmate's concerns regarding aspects of the inmates' confinement.  *See* 28 C.F.R. § 542 (codification of BOP administrative remedy program).  This affords inmates confined in a federal institution the opportunity to voice grievances, and to provide staff an opportunity to resolve issues prior to an inmate seeking judicial relief.  An inmate must first file a request for administrative relief with the Warden of the institution where he is

confined. 28 C.F.R. § 542.13. Plaintiff may appeal the denial of relief from the Warden to the BOP's Regional Director. 28 C.F.R. § 542.15. The final step in the process is to file an appeal with the Office of General Counsel. *Id*. Generally, an inmate has not exhausted his administrative remedies until he has sought review and received a final response at all three administrative levels.

BOP's comprehensive records for tracking administrative remedy complaints and appeals shows that plaintiff exhausted administrative grievances on two issues related to his claims in the instant case.

In February 2007, plaintiff filed administrative grievance No. 442719, requesting authorization to practice Creativity with others, and citing judicial recognition of Creativity as a religion by a United States District Court in the Eastern District of Wisconsin.[1] The USPLVN warden denied plaintiff's request. The regional and central offices denied plaintiff's administrative appeals, stating Creativity did not satisfy BOP Program Statement 5360.09 requirements that religious activities be open to the entire inmate population and not disparage the religious beliefs of an inmate, and referencing the prior recommendation by the national RIC to deny a previous request for allowing the Creativity religion to meet as a group. The administrative responses further noted that plaintiff had the alternative of practicing his religion individually in his cell, with necessary devotional and ritual resources in accord with BOP regulations.

---

[1]Plaintiff cites *Peterson v. Wilmur Communications, Inc.*, 205 F.Supp.2d 1014 (E.D.Wis.2002)(for purposes of Title VII, Creativity is a "religion" under EEOC regulations).

Approximately one year later, plaintiff pursued administrative relief to challenge the denial of the certified meal religious diet program, commonly referred to as Common Fare.  After interviewing plaintiff, Chaplain Crowell determined plaintiff's religious dietary needs would be better met by the no-flesh diet part of the main line.  Plaintiff filed administrative grievance No. 48549 to assert his disagreement with that determination, and to seek assignment to the Common Fare diet.  Again the institutional, regional, and central offices rejected plaintiff's administrative appeals, and noted that inmates not approved for the certified processed food line were entitled to reapply in six months intervals for new interviews concerning requests for assignment to the certified processed food component of the Religious Diet Program.

Plaintiff filed the instant action seeking damages and injunctive relief on claims that defendants violated his rights under the First Amendment, the RFRA, and the RLUIPA to practice his religion by denying his requests for congregate services, for a religious diet, and for unspecified devotional items.  Plaintiff also claimed defendants improperly removed him from the BOP religious diet program in retaliation for plaintiff's use of the inmate grievance system.  For relief, plaintiff seeks a declaration that defendants violated his constitutional rights, injunctive relief ordering BOP to allow congregate Creativity services and to provide plaintiff a special diet, and damages.

## BIVENS

In *Bivens v. Six Unknown Named Agents of Federal Bureau of*

7

*Narcotics*, the Supreme Court recognized an implied private right of action for money damages by victims seeking relief for alleged constitutional violations by federal agents in the performance of their official duties. 403 U.S. at 396-97. A *Bivens* action is the federal counterpart to actions brought against state officials under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 255 n. 2 (2006). A plaintiff asserting a claim under *Bivens* must show the violation of a valid constitutional right by a person acting under color of federal law.

Plaintiff's full and proper exhaustion of administrative remedies is required prior to seeking relief in federal court. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions ... until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81 (2006)(§ 1997e(a) requires proper exhaustion of administrative remedies). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). "A litigant's failure to raise issues during an administrative appeal can constitute a failure to exhaust administrative remedies." *Kikumura v*. Hurley, 242 F.3d 950, 956 (10th Cir.2001).

*Official Capacity Claims*

Under *Bivens,* a plaintiff is limited to seeking damages from defendants in their individual personal capacity. *Bivens* claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. *See F.D.I.C.*

8

*v. Meyer*, 510 U.S. 471 (1994).  Accordingly, to the extent plaintiff seeks damages under *Bivens* from defendants in their official capacity, any such claim is barred by sovereign immunity. *Individual Capacity Claims*

   A.  Certain Defendants

   Defendants contend defendant Watts should be dismissed for lack of personal jurisdiction where plaintiff makes no showing that this defendant lived or worked in the District of Kansas.  Plaintiff makes no argument to the contrary, and defendant's request has some support in unpublished Tenth Circuit law, at least for purposes of a *Bivens* action against this defendant in his individual capacity. *See Hill v. Pugh*, 75 Fed.Appx. 715, 719 (10th Cir.2003)(in *Bivens* action, district court lacked personal jurisdiction over out-of-state regional BOP director, stating "It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state.") (unpublished).[2]  Plaintiff's RFRA claims against this defendant in his official capacity, however, remain.

   Defendants seek dismissal of defendants Terrell and Chester because service of process was never obtained for either defendant. The record supports this request[3] to which plaintiff filed no

---

   [2]This and any other unpublished Tenth Circuit decision is cited for persuasive value only under 10th Cir. Rule 32.1.

   [3]Both defendants were former wardens at USPLVN by the time the court ordered service of summons in this action.  Summons issued to each were returned to the court unexecuted.

objection.  Nor did plaintiff seek additional assistance from the court to obtain service on these two defendants.  Defendants Terrell and Chester thus should be dismissed as parties in this matter.  *See* Fed.R.Civ.P. 12(b)(5)(dismissal for insufficient service of process).

Defendants also seek dismissal of all claims against defendants Watts, Nalley, Terrell, and Chester in their individual capacity because plaintiff does not allege any of these defendants were personally involved in the events at USPLVN giving rise to plaintiff's claims, and instead seeks to hold these defendants liable only based upon their decisions in plaintiff's administrative appeals.  Plaintiff offers no counter argument or showing.

It is well established that a defendant's personal participation in the alleged violation of plaintiff's constitutional rights is an essential allegation.  *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir.1976).  To establish personal liability, a plaintiff must show that the official caused the deprivation of a federal right.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Notably, the Tenth Circuit has held in an unpublished opinion that the denial of grievances, standing alone, is insufficient to establish personal participation in an alleged constitutional violation.  *Larson v. Meek*, 240 Fed.Appx. 777, 780, 2007 WL 1705086 at *3 (10th Cir.2007)(citing *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir.2002)(per curiam)).

Accordingly, to the extent plaintiff seeks relief under *Bivens* for the alleged violation of his constitutional rights, any such

10

claim should be summarily dismissed against defendants Watts, Nalley Terrell, and Chester.   This leaves Chaplin Crowell as the sole remaining defendant on plaintiff's *Bivens* claims.

B. Exhaustion of Administrative Remedies

Plaintiff does not dispute defendants' assertion that he pursued administrative remedies on only two claims, namely the denial of congregate Creativity worship at USPLVN, and the denial of the Common Fare diet at USPLVN.   Although plaintiff also suggests or claims that he was unlawfully denied religious properties, that he was treated differently than those practicing other religions, or that any defendant retaliated against plaintiff for his pursuit of administrative remedies, these unexhausted claims are to be dismissed.[4]   *See also Roberts v. Barreras*, 484 F.3d 1236, 1244 (10th Cir.2007)(recognizing that under *Jones v. Bock* a prisoner's failure to exhaust available administrative remedies "on one claim dies not warrant dismissal of the entire action.")

C. First Amendment

The First Amendment provides in relevant par that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof..."   U.S. Const., Amend 1. "It is well-settled that [i]nmates ... retain protections afforded by the First Amendment, including its directive that no law shall

_____

[4]Plaintiff's full exhaustion of administrative remedies is required as well on his RFRA claims. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002)(exhaustion under § 1997e(a) as amended by Prison Litigation Reform Act in 1996 requires prior exhaustion of administrative remedies for all actions brought with respect to prison conditions).

11

prohibit the free exercise of religion." *Kay v. Bemis*, 500 F.3d 1214, 1219 (10th Cir.2007) (quotation marks and citation omitted). The court assumes without deciding that plaintiff's First Amendment claims are actionable under *Bivens*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009)(assuming without deciding that prisoner's First Amendment claim is action actionable under *Bivens*); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 n.6 (8th Cir.2008) (assuming without deciding that *Bivens* action exists for a Free Exercise claim, but noting it has never extended *Bivens* to a Free Exercise claim, and doubts it would do so).

To establish a constitutional violation based on a free exercise claim, a prisoner plaintiff must first be able to show a prison regulation "substantially burdened his sincerely-held religious beliefs." *Kay*, 500 F.3d at 1218; *Wares v. Simmons*, 524 F.Supp.2d 1313, 1319 (D.Kan.2007). In the present case, defendants do not challenge whether plaintiff's belief in Creativity is sincerely held, whether congregate Creativity services constitute religious exercise, or whether Creativity is a recognized religion within the meaning of the First Amendment.[5] Instead, defendants

_____

[5]*But see Conner v. Tilton*, 2009 WL 4642392 (N.D.Cal.2009)(unpublished)(finding Creativity or Church of the Creator is not a religion as defined in *Africa v. Pennsylvania*, 662 F.2d 1025 (3rd Cir.1981)); *U.S. v. Meyers*, 95 F.3d 1475, 1482-84 (10th Cir.1996)(citing with approval district court's reliance on *Africa* to find Church of Marijuana did not satisfy requirements for "religion" under RFRA).
 Also, plaintiff's reliance on *Peterson* as establishing that the Church of the Creator is a federally recognized religion, is misplaced. As pointed out in *Conner*, that recognition was made in the context of an employment discrimination case applying the standard for determining whether a particular set of beliefs

contend the facts fail to establish that any defendant substantially burdened plaintiff's exercise of his religious beliefs.

The Tenth Circuit defines a "substantial burden" as one that "(1) significantly inhibits or constrains plaintiff's religious conduct or expression, (2) meaningfully curtails plaintiff's ability to express adherence to his faith or (3) denies plaintiff reasonable opportunity to engage in fundamental religious activities." *Wares*, 524 F.Supp.2d at 1320.

The record in the present case fails to make this prima facie showing. Regarding plaintiff's request for congregate Creativity services, there is no dispute that neither the chaplain nor plaintiff were aware of any other inmates seeking Creativity services at USPLVN at that time. Regarding plaintiff's request for a Common Fare diet, it is undisputed that the chaplain assigned plaintiff to the no-flesh main line diet to accommodate plaintiff's stated insistence to avoid processed foods, and that plaintiff could reapply to demonstrate the Common Fare diet was a better fit to plaintiff's insistence on uncooked foods. The court thus finds defendant Crowell is entitled to judgment as a matter of law on plaintiff's First Amendment *Bivens* claims.

### RFRA

RFRA's judicial relief provision broadly provides: "A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a

qualified as a religion for purposes of Title VII, which is more broad than the standard applied under the First Amendment.

13

judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000bb-1(c). Under the RFRA, a "government" is defined as including "a branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States ...." 42 U.S.C. § 2000bb-2(1).[6]

"RFRA supplements and expands First Amendment free exercise protection. To establish a prima facie RFRA claim, a prisoner must show that the federal government substantially burdened the prisoner's sincere exercise of religion. The burden then shifts to defendants to show that application of the regulation (1) is in furtherance of a compelling governmental interest and (2) is the least restrictive means of furthering that interest." *Echtinaw v. Lappin*, 2009 WL 604131, *11 (D.Kan.2009)(citations omitted) (unpublished).

The congressional waiver of sovereign immunity under RFRA is limited to RFRA claims seeking injunctive relief. *Crocker v.*

_____

[6]In his amended complaint, plaintiff also alleges the violation of rights under RLUIPA. The RLUIPA prohibits government action that imposes a "substantial burden on the religious exercise" of a prisoner unless the defendant demonstrates that the burden" is in furtherance of a compelling governmental interest; and ... the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). Under that act, a "government" for purposes of a cause of action is defined as "a State, county, municipality, or other governmental entity created under the authority of a state," and "any branch, department, agency, instrumentality or official," thereof, and "any other person acting under color of State law." 42 U.S.C. § 2000cc-5(4)(A). The RLUIPA "does not create a cause of action against the federal government or its correctional facilities." *Ish Yerushalayim v. U.S.*, 374 F.3d 89, 92 (2d Cir.2004). Plaintiff's claims under RLUIPA are dismissed because plaintiff is a federal inmate has no cause of action under that act.

*Durkin*, 159 F.Supp.2d 1258, 1269 (D.Kan.2001), *aff'd*, 53 Fed.Appx. 503 (10th Cir.2002).  *See Webman v. Federal Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C.Cir.2006)(RFRA waiver of sovereign immunity does not include claims for money damages).  Thus to the extent plaintiff seeks damages under the RFRA, sovereign immunity bars any such claim.

Generally a prisoner's transfer from one prison to another moots claims for declaratory or injunctive relief against officials at the prior prison.  *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir.2010).  This includes RFRA claims seeking relief at the prior prison.  *See Crocker*, 53 Fed.Appx. at *1 (inmates' transfer from USPLVN mooted their claim for injunctive relief to bar USPLVN officials' alleged violation of RFRA).

Accordingly, plaintiff's transfer from USPLVN and the North Central Region rendered moot any claim for injunctive relief against Chaplain Crowell and Regional Director Nalley.  Because former USPLVN Wardens Chester and Terrell are dismissed as parties in this matter for improper service of process, the sole remaining defendant on plaintiff's claim for injunctive relief under RFRA is BOP National Appeals Administrator Watts in his official capacity on plaintiff's claim for injunctive relief.

It is arguable that injunctive relief at the BOP national level is not necessarily foreclosed by plaintiff's transfer because he remains in BOP custody and subject to BOP regulations.[7]  However,

---

[7]*Compare Abdulhaseeb,* 600 F.3d at 1312 (declaratory and injunctive relief under RLUIPA not rendered moot by prisoner's transfer from one Oklahoma facility to another Oklahoma facility;

plaintiff makes no argument subsequent to his transfer for continuing to press any RFRA claim after his transfer to a California facility, and there is nothing to indicate any decision rendered by the central BOP office in plaintiff's USPLVN administrative appeals is currently dictating - or placing any substantial burden on - his practice of his religious beliefs at that new facility.   Nor is there any indication that plaintiff pursued or exhausted administrative remedies at the California facility on any related claim.   *Compare Sample v. Lappin*, 479 F.Supp.2d 120 (D.D.C.2007) (transfer to another federal facility did not moot RFRA claim, noting plaintiff had demonstrated that the alleged impairment on practice of religion continued at the new facility, and that he had exhausted administrative remedies at the new facility).

Moreover, because the court has determined that plaintiff failed to establish any substantial burden on the practice of his religion at USPLVN, plaintiff has failed to make a prima facie RFRA claim.   *See Wares*, 524 F.Supp.2d at 1320 n.9 (noting Tenth Circuit's adoption of same "substantial burden" definition in First Amendment and RFRA).   No further examination of plaintiff's RFRA claims is thereby necessary.   *See Echtinaw*, 2009 WL 604131 at *11 (a plaintiff's failure to meet the "substantial burden" test ends the court's inquiry under RFRA).

---

although plaintiff's claims against prison-specific defendants were mooted by the transfer, relief remained available because director of Oklahoma Department of Corrections in his official capacity is a party).

The court thus finds defendant Watts is entitled to judgment on plaintiff's claim for injunctive relief under RFRA.

## CONCLUSION

For the reasons stated herein, the court finds defendants Terrell and Chester should be dismissed as parties in this matter, and that defendants are entitled to judgment as a matter of law under *Bivens* and RFRA on plaintiff's claims.

IT IS THEREFORE ORDERED that defendants Chester and Terrell are dismissed as parties in this matter pursuant to Fed.R.Civ.P. 12(b)(5).

IT IS FURTHER ORDERED that defendants' motion to dismiss or for summary judgment (Doc. 26) is considered as an unopposed motion for summary judgment which is granted on all claims.

**IT IS SO ORDERED.**

DATED: This 28th day of September 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

17